IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CALVIN JONES (01),

    Defendant.

Case No. 14-20138-01-DDC

## ORDER ON MOTION TO TERMINATE TERM OF SUPERVISED RELEASE

Defendant Calvin Jones has asked the court to terminate his term of supervised release early.[1] Doc. 52 at 1. Mr. Jones has five months remaining of his three-year term of supervised release. *Id*. While under supervision, Mr. Jones has been charged with felony tampering with a motor vehicle and felony possession of marijuana related to alleged January 2020 conduct in Kansas City, Missouri. Doc. 55 at 1. He failed to inform his probation officer of these charges. Doc. 56 at 2.

The government opposes the motion. *See* Doc. 55. The government argues that Mr. Jones's conduct while under supervision "does not warrant early termination at this time." Doc. 55 at 2. The government notes that the probation office does not support early termination because of Mr. Jones's pending charges. *Id*.

To support his motion, Mr. Jones asserts that (1) the Missouri allegations, charges, and his failure to inform his probation officer did not produce a proposed modification or revocation

---

[1] Mr. Jones and the government initially filed a Joint Motion for Early Termination of Supervised Release. Doc. 52 at 5. The next day, the government withdrew its support for the joint motion after the U.S. Probation Office provided an update on Mr. Jones's status, specifically that Mr. Jones was charged with two felonies related to his alleged conduct in January 2020. Doc. 53.

of his supervision, (2) the Missouri allegations will not be resolved until after Mr. Jones's release expires, and (3) the court is unlikely to resolve Mr. Jones's 28 U.S.C. § 2255 motion before his supervised-release term expires. Doc. 56 at 2.

The court first considers the legal standard governing Mr. Jones's motion. In general terms, the statute conferring authority to terminate a term of supervision—a TSR—directs the court to consider "the factors set forth" in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e) (specifying factors); *United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011) (explaining a court may terminate a TSR only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" (citation and internal quotation marks omitted)).

After considering the relevant factors and the parties' arguments, the court agrees with the government. At this stage, it's not yet in the interests of justice to terminate Mr. Jones's TSR. In the court's judgment, two factors are paramount to this decision: (1) Mr. Jones's history and characteristics (§ 3553(a)(1)); and (2) the need to protect the public from future crimes (§ 3553(a)(2)(C)). The nature and circumstances of this case's offense and Mr. Jones's involvement in serious crime earlier in his life preclude the required finding that Mr. Jones's conduct and the interest of justice merit early termination of his TSR. The court notes Mr. Jones's criminal history, which includes a total criminal history score of 17 and a total criminal history category of VI. Doc. 22 at 10 (PSR ¶ 48). Because of Mr. Jones's consistent and repeated return to criminal activity dating back to 1998, the court concludes that terminating his supervision early would not fulfill the court's duty to protect the public.

The court acknowledges Mr. Jones's pending § 2255 motion asserting that the government violated his Sixth Amendment right to confidential attorney-client communications. Doc. 30. That motion is before Judge Robinson. Thus, Judge Robinson will decide whether Mr.

Jones's § 2255 motion has merit, and if she concludes it does, she will fashion the appropriate relief.  This court won't decide the merits of that motion, and thus, it doesn't factor into the court's analysis here whether Mr. Jones deserves early termination of his term of supervised release.  Instead, the court finds the equities favoring Mr. Jones do not outweigh the court's obligation to protect the public in light of Mr. Jones's criminal history and characteristics.

**WHEREFORE**, the court denies defendant Calvin Jones's Motion for Early Termination of Supervised Release (Doc. 52).

**IT IS SO ORDERED.**

**Dated this 29th day of June, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**